IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RONALD HAMILTON                                                                                          PLAINTIFF

v.                                            Civil No. 6:20-CV-06129

DEANGELO EARL, TODD BALL,                                                                      DEFENDANTS
MAURICE CULCLAGER, and BRYANT
DAVIS (All of the Arkansas Department of
Corrections Ouachita River Unit)

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA").  Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

### I.     BACKGROUND

Plaintiff filed his Complaint on November 10, 2020.  (ECF No. 1).  He alleges that his federal constitutional rights were violated on July 15, 2020, while he was incarcerated in the Arkansas Department of Corrections ("ADC"), Ouachita River Unit. (*Id*. at 4).  Specifically, he alleges that Defendants placed him in Isolation, where he suffered from extreme temperatures when his dialysis medical staff had stated it would be best for his health to be moved to SNC.[1]

---

[1] The Special Needs Unit houses inmates needing hospital services and sheltered living.  https://doc.arkansas.gov/facilities/ouachita-river-unit/.

(*Id*.). As a result, Plaintiff suffered from a "bad rash over half of his body" and "bad cramps." (*Id*.).

Plaintiff proceeds against all Defendants in both their official and personal capacity. (*Id*.) He seeks compensatory and punitive damages. He also asks that the Court issue and order directing Defendants to stop interfering with his medical orders, or alternatively, transfer him to a unit where the administration cannot control the medical staff. (*Id*. at 8).

## II.     LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.     ANALYSIS

Plaintiff's official capacity claims against Defendants are subject to dismissal. States and state agencies are not "persons" subject to suit under § 1983. *Howlett v. Rose,* 496 U.S. 356 (1990); *Will v. Mich. Dept. of State Police*, 491 U.S. 58 (1989); *McLean v. Gordon*, 548 F.3d 613, 618

(8th Cir. 2008). "This bar exists whether the relief sought is legal or equitable." *Williams v. Missouri,* 973 F.2d 599, 599-600 (8th Cir. 1992) (citing *Papasan v. Allain,* 478 U.S. 265, 276 (1986)). "Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983." *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991) (citing *Quern v. Jordan,* 440 U.S. 332, 342 (1979)). "A suit against state employees in their official capacities is the functional equivalent of a suit against the State." *Zajrael v. Harmon*, 677 F.3d 353, 355 (8th Cir. 2013). As the Defendants in this case are employees of the Arkansas Department of Corrections, a state agency, Plaintiff's official capacity claims against them are subject to dismissal.

### IV. CONCLUSION

Accordingly, it is recommended that Plaintiff's official capacity claims against all Defendants be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of November 2020.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE